**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**


SHAMIA CURRY

       Plaintiff,

       vs.                                 CASE NO.: 1:13cv23202

GC SERVICES, LP

       Defendant(s)

_____

**PLAINTIFF'S VERIFIED COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Shamia Curry, an individual consumer, against Defendant, GC Services, LP, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. *PARTIES*

3. Plaintiff, Shamia Curry, is a natural person with a permanent residence in Miami, Dade County, Florida 33169.

4. Upon information and belief, the Defendant, GC Services, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. The debt that Defendant(s) is attempting to collect on is an alleged obligation of the Plaintiff, a consumer, to pay money arising out of a transaction in which the Plaintiff allegedly received money as a consumer. The debt did not arise from a business loan.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, called Plaintiff and requested payment roughly an hour after a conversation in which Plaintiff and Defendant could not come to a payment arrangement.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

9. Defendant has no standing to commence garnishment proceedings on behalf of the creditor and therefore representations made to Plaintiff by Defendant regarding garnishment were false.

10. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to seize Plaintiff's tax returns.

12. Defendant has no standing to commence seizure proceedings on behalf of the creditor and therefore representations made to Plaintiff by Defendant regarding this were false.

13. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in seizure.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff without stating that she

could seek to dispute and/or receive validation for the alleged debt, overshadowing her statutory right to do so.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendant did not mail Plaintiff proper statutory written notice within the first seven (7) and possible extra five (5) days from its initial communication with Plaintiff.

16. Defendant contacted Plaintiff at work and stated they were calling from "payroll" and asked to be transferred to Plaintiff's classroom. When Plaintiff took the call, she advised Defendant that she was unable to accept these calls at work. After being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer, Defendant continued to place collection calls to Plaintiff's place of employment. This put the Plaintiff's job in jeopardy

17. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

18. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

19. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

20. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.  *1st CLAIM FOR RELIEF*

21. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to

abuse the hear or reader in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; without the prior consent of Plaintiff given directly to Defendant(s) or the express permission of a court of competent jurisdiction; and

(f) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(g) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(h) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(i) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(j) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(k) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

    (l) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendant was attempting to collect; and

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Shamia Curry, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *VI. 2nd CLAIM FOR RELIEF*

25. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

26. Defendant violated the Florida Consumer Collection Practices Act 559.55 (hereinafter "FCCPA"). Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *559.72(7)* of the FCCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or their family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of their family.

27. Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

28. As a result of the foregoing violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, LP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the FCCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ Katie M. Stone
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
5401 S. Kirkman Rd., Suite 310
Orlando, FL 32819
Phone: (978) 420-4747 or (407) 217-5807
Fax: (888) 712-4458
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE, that Plaintiff, SHAMIA CURRY, hereby demands trial by jury in this action.